**Tyrone PARKER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 19597.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 6, 1994.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

This is an appeal from an order denying a Rule 24.035 motion. Tyrone Parker (movant) pleaded guilty in the underlying criminal case to second degree murder, § 565.021 [1], robbery in the first degree, § 569.020, and one count of armed criminal action, § 571.015. He was sentenced to life imprisonment for second degree murder, imprisonment for 15 years for robbery in the first degree and imprisonment for 3 years for armed criminal action. The life sentence and the 15–year sentence were ordered served concurrently. The 3–year sentence was ordered served consecutive to the murder sentence.

Movant filed a motion for post-conviction relief, pursuant to Rule 24.035, in the Circuit Court of Scott County, Missouri. He contended his pleas of guilty were involuntary because he was mentally impaired when he pleaded guilty due to use of prescription medications, and because the pleas of guilty

1. References to statutes are to RSMo 1986 unless   stated otherwise.

were induced by threats that unless he pleaded guilty he would receive the death penalty.[2] Movant also claimed he received ineffective assistance of counsel in his criminal case.

The motion court denied movant's Rule 24.035 motion without a hearing. Its findings included that movant's claim of mental impairment at the time he pleaded guilty and his claim of ineffective assistance of counsel were refuted by the record in the guilty plea hearing in movant's criminal case.

Movant contends on appeal that the motion court's findings with respect to his claims of mental impairment and ineffective assistance of counsel are erroneous; that they are not refuted by the record from his guilty plea hearing.

Appellate review of an order denying a Rule 24.035 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Slaughter v. State*, 785 S.W.2d 113, 114 (Mo. App.1990); Rule 24.035(j).

The judgment of the motion court is not based on findings that are clearly erroneous. No error of law appears. Further opinion would have no precedential value. The order dismissing movant's Rule 24.035 motion is affirmed in compliance with Rule 84.16(b).

PREWITT and CROW, JJ., concur.

---

**2.** Movant was originally charged with murder in the first degree. *See* § 565.020, RSMo Supp. 1990. That charge was amended to murder in the second degree in accordance with a negotiated plea agreement. Movant was also originally charged with two counts of armed criminal action. One count of armed criminal action was dismissed pursuant to the terms of the negotiated plea agreement.